UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

L. C. JOHNSON,
    Plaintiff,

v.                                    10-CV-1076

Robert Migliorino, et al.,
    Defendants.

ORDER

    Before the Court is Defendants' unopposed Motion for Sanctions Pursuant to Federal Rule Civ. Pro. Rule 37(d)(1)(A) [27]. Defendants advise the Court that Plaintiff was properly noticed for deposition on May 2, 2011. Defendants attached a copy of the Notice for Deposition to their motion as Exhibit A. A review of the Notice shows that the plaintiff was provided proper and timely notice. Defendants advise the Court, without opposition from Plaintiff, that on the date of the deposition, Plaintiff did not attend. Defendants also advise the Court that they incurred attorney fees, court reporter fees, and costs as a result of scheduling the deposition where Plaintiff did not appear. At the time Defendants filed their Motion they advised the Court that the costs would be calculated and totaled and supplemented. Defendants have filed their supplement [29]. A review of the supplement shows the total expenses of $192.75, including $52.50 for attorney fees and $140.25 for the court reporter and costs shows the costs are reasonable. Plaintiff was allowed 14 days to file a response to the motion for sanctions and the supplement. It is well past the 14-day deadline, yet Plaintiff has not filed any objections or response. In their motion, Defendants ask the Court to dismiss Plaintiff's claims, with prejudice, for failing to participate in discovery and attend his deposition as required by the Notice. Further, the Court notes that it entered a January 28, 2011 Case Management Order regarding discovery and Plaintiff has not cooperated or complied with that order. Further, the Defendants request that the Court order Plaintiff to pay the costs, court reporter and attorneys fees incurred in this case. Plaintiff has not provided any reason for his failure to attend the deposition. Thus, the Court finds Plaintiff's failure to cooperate with discovery was done willfully, deliberately and in bad faith.

    In determining whether to impose the sanction of dismissal, the court is not required to give a lesser sanction before imposing dismissal. Ball v. City of Chicago, 2F.3d 752, 758 (7th Cir. 1993). Dismissal should be given if the court has determined that another sanction would not be equally as effective. Id. "Although one failure alone would be insufficient to justify dismissal for want of prosecution, this court held that the two grounds together were sufficient to impose the harsh sanction of dismissal." Lockhart v. Sullivan, 925 F.2d 214, 218 (7th Cir. 1991). Lockhart was referring to Anderson v. United States Parcel Service, 915 F.2d 313, 315 (7th Cir. 1990), which held that it was not in error to dismiss a case due to a party's delay tactics and the plaintiff's failure to comply with discovery. With pro se plaintiffs, the court is required to give explicit warning of the possibility of dismissal prior to dismissing the case for want of prosecution. In re: Bluestein & Co., 67 F.3d 1022, 1025 (7th Cir. 1994). However, a prisoner's

civil rights case can be dismissed as a sanction under Rule 16(f), Rule 37(b) or Rule 41(b). <u>Lucien v. Breweur</u>, 9 F.3d 26 (7th Cir. 1993).

  Pursuant to F.R.C.P 37(b)(2)(C), when a party fails to obey a court order to provide discovery, the court has discretion to dismiss the action.  Federal Rule 37(d) allows a similar sanction when a party fails to appear for his deposition when it has been properly noticed.  Here, there was proper notice, but the plaintiff failed to appear at the deposition. The facts demonstrate the willfulness and bad faith on the part of the plaintiff which justifies dismissal of this action pursuant to F.R.C.P. 37(d).  See also <u>Hindmon v. National-Ben Franklin Life Insurance Corp.</u>, 677 F.2d 617, 620, 621 (7th Cir. 1982).  Alternatively, F.R.C.P. 41(b) allows for a dismissal with prejudice when a plaintiff fails to prosecute his lawsuit or does not comply with the federal rules or a court order.  See <u>Ball v. City of Chicago</u>, 2 F.3d 752, 760-761 (7th Cir. 1993).  Accordingly, the Court finds that it is appropriate to allow Defendants' Motion for Sanctions [27] by dismissing Plaintiff's complaint.  As a result, the Court also finds that Defendants are entitled to an award of the expenses, including attorney fees, resulting from Plaintiff's failure to attend the scheduled deposition.

  It is therefore ordered:

1. Defendants' Motion for Sanctions [27] is granted.  Pursuant to  F.R.C.P. 37(d) and F.R.C.P. 41(b), Plaintiff's complaint is dismissed, with prejudice.  The above-captioned case is terminated in its entirety.
2. Defendants are entitled to and awarded the reasonable costs of $192.75, which include $52.50 for attorney fees and $140.25 for the court reporter and costs.  Plaintiff is liable for the $192.75.
3. Although his lawsuit is dismissed, Plaintiff is still obligated to pay the filing fee in full.  See 28 U.S.C.A. § 1915(b)(1).  Release from incarceration does not relieve Plaintiff's obligation to pay the filing fee in full.  Plaintiff must notify the Clerk of the Court of a change of address and phone number within seven days of such change.
3. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues the plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 5th day of December 2011.

        /s/ James E. Shadid
       _____
         James E. Shadid
        United States District Judge